LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA 91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN,<br><br>        Plaintiff,<br><br>        v.<br><br>CITIBANK, N.A.,<br><br>        Defendant. | CASE NO.:<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>Pursuant to 28 U.S.C. Section 1331<br><br>(Federal Question) |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Citibank, N.A. ("Defendant") hereby removes the action entitled Richard Allen v. Citibank, N.A., Superior Court of the State of California for the County of Ventura, Case No. 56-2017-00491972-CL-NP-VTA (the "Action"), filed by plaintiff Richard Allen ("Plaintiff"), to the United States District Court for the Central District of California, on the following grounds:

1.     On or about January 31, 2017, Defendant received service of Plaintiff's Summons and Complaint.   A true and correct copy of the Plaintiff's Summons and Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.     Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

### FEDERAL QUESTION

3.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Section 1788 and Telephone Consumer Protection Act, 47 U.S.C. Section 227.  A claim that is created by, and arises under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.     This Court is the proper district court for removal because the Superior Court of California, County of Ventura, is located within the United States District Court for the Central District of California.

5.     A true and correct copy of Defendant's Answer to Complaint, served upon Plaintiff in the Action is attached hereto as Exhibit "2".

6.     A true and correct copy of all other documents filed in the Action are attached hereto as Exhibit "3".

7.     Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Ventura Limited Civil.  Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

8.     By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other

1  motions, including Rule 12 motions and/or motions to compel arbitration permitted by the

2  Federal Rules of Civil Procedure.

3  DATED:  March 1, 2017                    LAW OFFICES OF MICHAEL D. SCHULMAN

4

5

6  By _____
   MICHAEL D. SCHULMAN
7  Attorneys for CITIBANK, N.A

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

**SUM-100**

# COPY

## SUMMONS
### (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CITIBANK, N.A.; and DOES 1 – 10 inclusive,

VENTURA
SUPERIOR COURT
FILED

JAN 2 4 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER L. OLIVA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RICHARD ALLEN,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): Ventura – Hall of Justice | 56-2017-00491972-CL-NP-VTA |

800 South Victoria Avenue
Ventura, California 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367, 877-206-4741

| DATE: JAN 2 4 2017 | Clerk, by | Michael D Planet | Deputy |
| (Fecha) | (Secretario) JENNIFER L. OLIVA | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **CITIBANK, N.A.**

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

**COPY**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

VENTURA
SUPERIOR COURT
**FILED**

JAN 24 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
JENNIFER L. OLIVA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF VENTURA
### LIMITED JURISDICTION

|  |  |
|---|---|
| RICHARD ALLEN, <br><br> Plaintiff, <br><br> vs. <br><br> CITIBANK, N.A.; and DOES 1 – 10 inclusive, <br><br> Defendant. | Case No.   56-2017-00491972-CL-NP-VTA <br><br> **COMPLAINT** <br> (Amount not to exceed $10,000) <br><br> 1.  Violation of Rosenthal Fair Debt Collection Practices Act <br> 2.  Violation of Telephone Consumer Protection Act <br><br> **JURY DEMANDED** |

**BY FAX**

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.   Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.      Plaintiff, RICHARD ALLEN ("Plaintiff"), is a natural person residing in Ventura County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Complaint - 1

3.    At all relevant times herein, Defendant, CITIBANK, N.A. ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.    Over the last year, Defendant called Plaintiff's cell phone ending in -5160 numerous times. Defendant's calls were excessive and harassing to Plaintiff.

8.    Defendants calls were made to Plaintiff in connection with collection on an alleged debt.

9. As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about June 21, 2016. Defendant has failed to respond to that letter at this time.

10. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

13. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

15. Defendant's conduct violated the TCPA by:

Complaint - 3

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, these actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees;
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates by reference all of the preceding paragraphs.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq..

21. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

23. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(1)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of January, 2017.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5

**COPY**

CM-010

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, RICHARD ALLEN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura 93009
BRANCH NAME: Ventura - Hall of Justice

CASE NAME:
RICHARD ALLEN v. CITIBANK, N.A.

VENTURA
SUPERIOR COURT
**FILED**

JAN 24 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY: JENNIFER I. OLIVA, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 56-2017-00491972-CL-NP-VTA |
|---|---|---|
| ☐ Unlimited ☑ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☑ Intellectual property (19)
- ☑ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 23, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Page 2 of 2

# EXHIBIT "2"

1    LAW OFFICES OF MICHAEL D. SCHULMAN
2    MICHAEL D. SCHULMAN, ESQ.  SBN 137249
     18757 Burbank Blvd., Suite 310
3    Tarzana, CA  91356-3375
     Woodland Hills, CA  91367
4    Telephone: (818) 999-5553/Fax : (818) 999-5570
     mike@schulmanlawoffices.com
5
6    Attorneys for Citibank, N.A.

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

9                   MAIN COURTHOUSE, LIMITED CIVIL CASE

10

11   Richard Allen,                      CASE NO. 56-2017-00491972-CL-NP-VTA

12              Plaintiff,               ANSWER OF CITIBANK, N.A. TO
                                         COMPLAINT
13        vs.

14   Citibank, N.A.,

15              Defendants.

16

17

18        Defendant, Citibank, N.A. (the "Bank") for itself alone and for no other defendant

19   or defendants, answers in response to plaintiff's Richard Allen ("Plaintiff") Complaint on

20   file herein as follows:

21        1.    Under and in accordance with the provisions of Section 431.30 of the

22   California Code of Civil Procedure, the Bank denies, both generally and specifically,

23   each and every allegation contained in each paragraph of the Complaint and the Bank

24   expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums

25   whatsoever.

26                          FIRST AFFIRMATIVE DEFENSE

27        2.    The Complaint fails to state facts sufficient to constitute a cause of action

28   against the Bank.

Right side stamp:

VENTURA
SUPERIOR COURT
FILED

FEB 28 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
SUSANNE SEON

BY FAX

## SECOND AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing Plaintiff's credit card account.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

4.   If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5.   Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by him.

## FIFTH AFFIRMATIVE DEFENSE

6.   Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8.   Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9.   Plaintiff consented to and approved all of the acts and omissions about which he now complains.

## NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct,

1  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional

2  misconduct of Plaintiff and not the Bank.

3                          TENTH AFFIRMATIVE DEFENSE

4       11.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the

5  same was directly and proximately caused and contributed to by the breach, conduct,

6  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional

7  misconduct of others, and not by the Bank.

8                        ELEVENTH AFFIRMATIVE DEFENSE

9       12.  The Bank specifically denies that it acted with any oppression, fraud or

10 malice towards Plaintiff or others.

11                        TWELFTH AFFIRMATIVE DEFENSE

12      13.  The Bank is immune, in whole or in part, from Plaintiff's claims.

13                       THIRTEENTH AFFIRMATIVE DEFENSE

14      14.  Plaintiff's claims are pre-empted, in whole or in part.

15                       FOURTEENTH AFFIRMATIVE DEFENSE

16      15.  Plaintiff is precluded from asserting any obligation of the Bank due to

17 Plaintiff's failure to comply with conditions precedent.

18                        FIFTEENTH AFFIRMATIVE DEFENSE

19      16.  The Bank's conduct was privileged at all relevant times.

20                        SIXTEENTH AFFIRMATIVE DEFENSE

21      17.  The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and

22 interfered with any such acts or conduct required to be performed on the part of the

23 Bank.

24                      SEVENTEENTH AFFIRMATIVE DEFENSE

25      18. Each of the causes of action set forth in the Complaint are barred by the

26 applicable statute of limitations.

27

28

1

EIGHTEENTH AFFIRMATIVE DEFENSE

2    19.  If the Bank is determined to have any liability to the Plaintiff, the amount of

3  such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

4

NINETEENTH AFFIRMATIVE DEFENSE

5    20.  The Complaint is barred, in whole or in part, because any alleged wrongful

6  conduct on the part of the Bank, which is assumed only for the purpose of this

7  affirmative defense, was not intentional and resulted from a bona fide error

8  notwithstanding the maintenance of procedures reasonably adapted to avoid any

9  such error.

10

TWENTIETH AFFIRMATIVE DEFENSE

11    21.  CITIBANK contends that PLAINTIFF is not entitled to any damages from

12  CITIBANK due to improper joinder.

13

TWENTY-FIRST AFFIRMATIVE DEFENSE

14    22.   PLAINTIFF lacks standing to assert the causes of action stated because,

15  among other things, the PLAINTIFF suffered no damages from the alleged wrongful

16  conduct of CITIBANK.

17

TWENTY-SECOND AFFIRMATIVE DEFENSE

18    23.  The Bank reserves the right to assert additional and/or further affirmative

19  defenses during the course of this litigation as such become known throughout the

20  course of this litigation.

21    WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

22    A.  That Plaintiff take nothing by way of his Complaint;

23

24

25

26

27

28

1          B.    That the Bank be awarded its attorney fees, costs and disbursements

2    incurred herein;

3          C.  For such other and further relief as this Court deems just and proper.

4    DATED: February 28, 2017          LAW OFFICES OF MICHAEL D. SCHULMAN

5

6                                      By_____

7                                      Michael D. Schulman
                                       Attorneys for Citibank, N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

  I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

  On February 28, 2017, I served the document described as: **ANSWER OF CITIBANK, N.A. TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367

 X   BY MAIL

  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_ BY PERSONAL DELIVERY.

\_\_\_ BY FACSIMILE DELIVERY.

 X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on February 28, 2017, at Tarzana, California.


_____Yvette Montejo_____        _____
                          Signature

# EXHIBIT "3"

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2017-00491972-CL-NP-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.
A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all
named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in
Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Rocky Baio | Ventura | 20 |

**HEARING** MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal
for Failure to File Proof of Service/Default

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 06/23/2017 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and
serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court
(CRC 3.725).
If proof of service and/or request for entry of default have not been filed. At the above hearing you are ordered
to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed
(CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150.
The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office
to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition,
see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference
provider, will contact all parties and counsel prior to the hearing.

Date: 01/26/2017

Clerk of the Court,
By: _____
Jennifer Oliva, Clerk

VEN-FNI0502

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

On March ___, 2017, I served the document described as: **NOTICE OF REMOVAL BY DEFENDANT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367

__X__ BY MAIL

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ BY PERSONAL DELIVERY.

____ BY FACSIMILE DELIVERY.

____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March ___, 2017, at Tarzana, California.

Yvette Montejo

_____
Signature